1

2

3                    UNITED STATES DISTRICT COURT

4                         DISTRICT OF NEVADA

5

6    PERRY A. HOOD,                          Case No. 3:24-cv-00052-ART-CSD

                        Plaintiff,           ORDER ADOPTING REPORT AND
7           v.                                  RECOMMENDATION OF U.S.
                                             MAGISTRATE JUDGE (ECF No. 4)
8    JOHN I. FRIEL, JR, and CHRIS
     ARABIA,
9
                        Defendants.
10

11          Plaintiff Perry A. Hood brings this civil rights action against Defendants

12   John L. Friel, the Nye County prosecutor in his criminal case, and Chris Arabia,

13   his Nye County contracted public defender under 42 U.S.C. § 1983. In his

14   complaint, Hood asserts a violation of his Fourteenth Amendment due process

15   rights against Friel, and a violation of his Sixth Amendment right to effective

16   assistance of counsel against Arabia.

17          Before the Court is Hood's complaint. (ECF No. 1-1.) Magistrate Judge

18   Craig S. Denney issued a Report and Recommendation ("R&R") recommending

19   that the complaint be dismissed without prejudice and without leave to amend.

20   (ECF No. 4.) Plaintiff filed objections to the Magistrate Judge's R&R. (ECF No. 5.)

21          For the following reasons, the Court adopts Judge Denney's Report and

22   Recommendation in full.

23   **I.     Review of Reports and Recommendations**

24          Under the Federal Magistrates Act, a court "may accept, reject, or modify,

25   in whole or in part, the findings or recommendations made by [a] magistrate

26   judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's

27   report and recommendation, then the court is required to "make a de novo

28   determination of those portions of the [report and recommendation] to which

1

1  objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any

2  review at all . . . of any issue that is not the subject of an objection." *Thomas v.*

3  *Arn*, 474 U.S. 140, 149 (1985).

4  **II.    Analysis**

5       Judge Denney's R&R recommended dismissal of Plaintiff's complaint on

6  two grounds. First, Judge Denney recommended dismissal with prejudice of

7  Plaintiff's Fourteenth Amendment claim against Friel because Friel is absolutely

8  immune from § 1983 actions as the alleged actions were traditional functions of

9  an advocate for the state. Second, Judge Denney recommended dismissal of the

10  Sixth Amendment claim against Arabia because a public defender is not a state

11  actor for the purposes of § 1983 and Sixth Amendment ineffective assistance of

12  counsel claims are not recognized under § 1983.

13       Plaintiff objected only to the R&R's recommendation of dismissal of

14  Plaintiff's Fourteenth Amendment claims against Friel. (ECF No. 5 at 2-3.) As

15  such, the Court reviews this issue R&R *de novo.*

16  **A. Absolute Immunity Applies to Defendant Friel**

17       A state prosecutor is absolutely immune from § 1983 actions "when

18  performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S.

19  118, 131(1997). However, a prosecutor is entitled only to qualified immunity

20  when performing an administrative or investigative function. *Garmon v. County*

21  *of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (Citing *Genzler v. Longanbach*,

22  410 F.3d 630, 636 (9th Cir. 2005)). When determining whether a prosecutor is

23  entitled to absolute or qualified immunity for their actions, a court should focus

24  on "the nature of the function performed." *Buckley v. Fitzsimmons*, 509 U.S. 259

25  (1993). "In applying this approach, [the court] distinguish[es] between acts of

26  advocacy, which are entitled to absolute immunity, and administrative and

27  'police-type' investigative acts which are not. To qualify as advocacy, an act must

28  be 'intimately associated with the judicial phase of the criminal process.'"

2

1    *Patterson v. Van Arsdel*, 883 F.3d 826, 830 (9th Cir. 2018) (citation omitted).

2    **B. Search Warrant**

3    Plaintiff's complaint alleges that Friel should not have pursued the

4    prosecution knowing that Plaintiff was not shown a valid search warrant, given a

5    copy of the search warrant, or a list of items seized as evidence, contrary to

6    Nevada law. (ECF No. 1-1 at 3.) Judge Denney's analysis found that the decision

7    of whether to initiate a prosecution is within the traditional function of an

8    advocate and thus entitled to absolute immunity.

9    The Court agrees with Judge Denney's analysis. The Supreme Court has

10   held that a prosecutor has absolute immunity when initiating a judicial

11   proceeding. *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *Burns v. Reed*,

12   500 U.S. 478 (1991). The decision here to prosecute a case despite allegedly

13   knowing that Plaintiff was not shown a search warrant, given a copy of the

14   warrant, or a list of items seized as evidence falls within the decision to initiate a

15   judicial proceeding. *See Van de Kamp*, 555 U.S. at 343. As such, Friel has

16   absolute immunity for this claim.

17   **C. Presentence Investigation Report**

18   Plaintiff's complaint next alleges that he was not provided with the

19   Presentence Investigation Report until 15 minutes before his sentencing and was

20   told that errors in the report could not be corrected after the sentencing hearing.

21   Judge Denney's R&R found this to fall within the scope of Friel's role as an

22   advocate for the state.

23   Prosecutorial immunity extends to actions during both the pre-trial and

24   post-trial phase of a case. *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir.

25   1984). Prosecutors thus have absolute immunity for actions relating to the

26   sentencing process which fall within the role of an advocate for the state. *See*

27   *Cousins v. Lockyer*, 568 F.3d 1063 (9th Cir. 2009) (citing *Demery*, 735 F.2d at

28   1144); *see also Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1149-1150 (2d Cir. 1995)

1   ("we have previously said that conduct in a "sentencing proceeding" would be

2   protected by absolute prosecutorial immunity…"). The Court agrees with Judge

3   Denney's analysis that Friel's conduct relating to the Presentence Investigation

4   Report falls within his role as an advocate for the state. Thus, Friel has absolute

5   immunity for this claim.

6   **D. Psycho-Evaluation Report**

7   Plaintiff's complaint next alleges that Friel "accepted the results" of a

8   psycho-evaluation report that did not meet the required standards. Judge

9   Denney's R&R found that this fell within the scope of Friel's role as an advocate

10   for the state as it relates to a decision to use certain evidence.

11   The Court agrees with Judge Denney's analysis. "There is a difference

12   between the advocate's role in evaluating evidence and interviewing witnesses as

13   he prepares for trial, on the one hand, and the detective's role in searching for

14   the clues and corroboration that might give him probable cause to recommend

15   that a suspect be arrested, on the other hand." *Kalina*, 522 U.S. at 126 (quoting

16   *Buckley*, 509 U.S. 259, 273(1993)).  When a prosecutor is "organizing, evaluating,

17   or marshaling" evidence in preparation for a trial, or using evidence at trial, they

18   are performing an action in their role as an advocate for the state. *Garmon*, 828

19   F.3d at 844 (internal parentheses and citations omitted). In contrast, a prosecutor

20   performing investigative functions normally performed by a detective or police

21   officer will not be protected by absolute immunity. *Kalina*, 522 U.S. at 126.

22   Thus, the decision by Friel to use certain evidence – here the psycho-

23   evaluation report – is one made within his role as an advocate for the state and

24   is "intimately associated with the judicial phase of the criminal process."' *See*

25   *Buckley*, 509 U.S. at 273 (holding that actions taken by a prosecutor in their role

26   as an advocate for the state includes "the professional evaluation of the evidence

27   assembled by the police and appropriate preparation for its presentation at trial

28   or before a grand jury after a decision to seek an indictment has been made.")

1 | Thus, Friel has absolute immunity for this claim.

2 | **E. Plea Agreement**

3 | Plaintiff's complaint next alleges that his plea was coerced through the

4 | threat that "if plaintiff went to trial, he would most certainly be found guilty and

5 | would spend the rest of his life in prison."

6 | Judge Denney's R&R found that this fell within the scope of Friel's role as

7 | an advocate for the state. The Court agrees with Judge Denney's conclusion. Plea

8 | negotiations and bargaining are within a prosecutor's role as an advocate for the

9 | state. *Demery,* 735 F.2d at 1144; *Taylor v. Kavanagh,* 640 F.2d 450, 453 (2d Cir.

10 | 1981)("a prosecutor's activities in the plea bargaining context merit the protection

11 | of absolute immunity."); *see also Pinaud,* 52 F.3d at 1149-50 (prosecutor's

12 | actions in negotiating and later breaching agreement not to prosecute was

13 | analogous to a plea bargain, which is entitled to absolute immunity); *Ward v.*

14 | *Bolek,* No. 3:12-CV-00136-SI, 2013 WL 145828 (D. Or. Jan. 14, 2013)

15 | (prosecutor's conduct was analogous to offering a plea deal and thus entitled to

16 | absolute immunity). Thus, Friel has absolute immunity for his conduct related to

17 | the plea agreement.

18 | Because the Court has determined that Defendant Friel has absolute

19 | immunity for all of Plaintiff's claims, the Court will dismiss Plaintiff's claims

20 | against Defendant Friel. As amendment would be futile, the Court will dismiss

21 | these claims with prejudice and without leave to amend. *Lopez v. Smith,* 203 F.3d

22 | 1122, 1130 (9th Cir. 2000).

23 | **III.   Claims Against Defendant Arabia**

24 | Plaintiff did not object to Judge Denney's recommendation that the claims

25 | against Defendant Arabia be dismissed; thus, the Court is not required to review

26 | this recommendation. *Thomas,* 474 U.S. at 149. However, upon review, the Court

27 | agrees with Judge Denney's recommendation. Plaintiff cannot bring a § 1983

28 | action against Arabia because, as a contracted public defender, Arabia is not

1    considered a state actor for purposes of § 1983. *See Georgia v. McCollum*, 505

2    U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson*

3    *v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). Additionally, Plaintiff's Sixth

4    Amendment claim for ineffective assistance of counsel must be brought in a

5    *habeas corpus* action, and not under § 1983 because a judgment in his favor

6    would necessarily imply the invalidity of his criminal conviction. *Trimble v. City*

7    *of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (where plaintiff's Sixth

8    Amendment allegations would necessarily imply the invalidity of his conviction

9    and he has not shown that his conviction has been invalidated, Sixth Amendment

10   claim under § 1983 had not accrued); *see also Sledge v. Allen*, No. 3:19-CV-

11   00181-MMD-WGC, 2020 WL 6333958 (D. Nev. June 29, 2020), *report and*

12   *recommendation adopted*, No. 3:19-CV-00181-MMD-WGC, 2020 WL 4530466 (D.

13   Nev. Aug. 6, 2020) (ineffective assistance of counsel claim must be brought in

14   direct appeals, post-conviction, or habeas proceedings, and not in a § 1983

15   action) (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)).

16       Accordingly, the Court will dismiss Plaintiff's claims against Defendant

17   Arabia on these grounds.

18       Because the Court has determined that Plaintiff cannot bring a § 1983

19   action against Defendant Arabia, the Court dismisses this claim. This claim is

20   dismissed without prejudice, but without leave to amend in this action, so that

21   Plaintiff is free to raise this claim in postconviction proceedings in state or federal

22   court.

23   **IV.    CONCLUSION**

24       It is therefore ordered that Plaintiff's objection to Judge Denney's Report

25   and Recommendation (ECF No. 5) is OVERRULED.

26       It is further ordered that Judge Denney's Report and Recommendation

27   (ECF No. 4) is ADOPTED IN FULL.

28       It is further ordered that the Clerk FILE the complaint (ECF No. 1-1).

1    It is further ordered that Plaintiff's complaint (ECF No. 1-1) is DISMISSED

2  as follows:

3    Plaintiff's Fourteenth Amendment due process claim against Friel is

4  DISMISSED WITH PREJUDICE; and

5    Plaintiff's Sixth Amendment claim of ineffective assistance of counsel

6  against Arabia is DISMISSED WITHOUT PREJUDICE, but WITHOUT LEAVE TO

7  AMEND in this action so that Plaintiff may raise such a claim in postconviction

8  proceedings in state or federal court.

9    The Clerk of the Court is directed to ENTER JUDGMENT and CLOSE this

10  case.

11

12    Dated this 4th day of November, 2024.

13

14

15    _____

      ANNE R. TRAUM

16    UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28